NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**BYRON JOSEPH BEDELL,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2015-5122

_____

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00374-PEC, Chief Judge Patricia E. Campbell-Smith.

_____

Decided: February 10, 2016

_____

BYRON JOSEPH BEDELL, Florence, CO, pro se.

ALEXIS J. ECHOLS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI.

_____

PER CURIAM.

Byron Bedell filed suit against the United States Department of Justice in the Court of Federal Claims alleging various violations by the Department. Mr. Bedell's allegations are focused on a claim of kidnapping and false imprisonment and a claim for contract enforcement. The trial court dismissed Mr. Bedell's complaint for failure to state a claim for which relief may be granted. We affirm.

I

Mr. Bedell is presently incarcerated by the Federal Bureau of Prisons, an agency within the Department. The Bureau took Mr. Bedell into custody after a felony conviction in 2010, for which Mr. Bedell was sentenced to 106 months in prison. Mr. Bedell alleges, and the Department does not contest, that he did not consent to this incarceration.

While incarcerated, Mr. Bedell sent unsolicited proposed settlement contracts to the Bureau and the Civil Division, Torts Branch of the Department. Mr. Bedell designed these contracts to resolve his disputes with the Department, including a payment of $225 million to Mr. Bedell and his release from custody. Mr. Bedell followed-up with numerous communications stating that the Department would be deemed to have accepted the terms of the settlement contracts if the Department did not respond to the contrary. Neither the Bureau nor the Torts Branch responded to any of Mr. Bedell's correspondences.

Following these events, Mr. Bedell filed suit against the Department in the Court of Federal Claims. Mr. Bedell alleged in his complaint that his incarceration constituted kidnapping and false imprisonment by the Bureau. Mr. Bedell also alleged that the Department had accepted the settlement contract by not rejecting it, and

that the Department thus should be required to make payment and other performance thereunder.

The trial court dismissed Mr. Bedell's complaint for failure to state a claim for which relief may be granted. Mr. Bedell appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

"In order to avoid dismissal for failure to state a claim, a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). We review the dismissal for failure to state a claim for which relief may be granted de novo. *See Highland Falls-Fort Montgomery Cent. Sch. Dist. v. United States*, 48 F.3d 1166, 1170 (Fed. Cir. 1995).

Though we review the trial court's dismissal without deference, we now affirm that decision based principally on the reasons stated therein.

For the kidnapping count, the trial court noted that it could, at most, transfer the case to a district court, as the Court of Federal Claims does not have jurisdiction over torts. *See* A122, Opinion and Order at 9. The trial court declined to transfer the suit because Mr. Bedell's factual allegations were insufficient to state a claim for kidnapping. In particular, the trial court noted that Mr. Bedell's only factual allegation supporting this claim is that the Bureau took him into custody after his conviction of a felony in federal court. We agree that this bare factual allegation is insufficient to support a claim for kidnapping or false imprisonment.

For the contract count, we find it sufficient to note that the Department demonstrated no intent to contract with Mr. Bedell or any acceptance of Mr. Bedell's settle-

ment offer whatsoever. We agree with the trial court's conclusion that the interchange between Mr. Bedell and the Department does not fall into one of the narrow circumstances in which silence can manifest such intent and acceptance. *See* A121, Opinion and Order at 8.

Mr. Bedell makes various other allegations in his papers that generally relate to these aforementioned claims. These additional allegations add no merit to his claims. We note that Mr. Bedell alleges that the trial court did not properly hold him to a less stringent standard that is appropriate for his pro se status. *See* Informal Brief of Appellant, Form 12, Item 2. But the trial court clearly stated that it was reviewing Mr. Bedell's papers cognizant of his pro se status, *see* A118, Opinion and Order at 5, and it appears the trial court went to great lengths to discern the most meritorious aspects of Mr. Bedell's allegations.

## III

Because Mr. Bedell did not allege facts that could plausibly support his claims, we affirm the trial court's dismissal of the case.

**AFFIRMED**

No costs.